**UNITED STATES of America,
Plaintiff,**

v.

**Reginald D. LOISEL, et al., Defendant.**

**No. Civ. 98–108–B.**

United States District Court,
D. Maine.

Aug. 5, 1998.

tiff's factual averments as true and indulges every reasonable inference in Plaintiff's favor. *Talbott v. C.R. Bard, Inc.*, 63 F.3d 25, 27 (1st Cir.1995). The Court may grant Defendants' Motion to Dismiss "only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory." *Correa–Martinez v. Arrillaga–Belendez*, 903 F.2d 49, 52 (1st Cir.1990).

Tina Wellman, Waterville, ME, pro se.

Reginald D. Lisel, Waterville, ME, pro se.

John V. Cardone, U.S. Dept. of Justice, Washington, DC, for U.S.

## ORDER AND MEMORANDUM OF DECISION

BRODY, District Judge.

Plaintiff, the United States ("the government"), filed this action to set aside, as fraudulent, a conveyance of real property in Waterville, Maine, by Defendant Reginald D. Loisel, Sr. ("Taxpayer") to Defendants Tina Wellman and Reginald D. Loisel, Jr., and to foreclose federal tax liens arising from the tax liability of Reginald D. Loisel, Sr. Before the Court is Defendants' Motion to Dismiss. For the reasons stated below, Defendants' motion is DE-NIED.[1]

## I. MOTION TO DISMISS

In a Motion to Dismiss brought under Rule 12(b)(6) the Court takes all of Plain-

## II. BACKGROUND

In its Complaint, the government alleges that on January 10, 1994, assessments were made against Taxpayer for his federal income tax liabilities for the years 1987 through 1991, and that the assessments, totaling $271,558.11, remain unpaid to date. The Complaint further alleges that Taxpayer transferred the Waterville property in question to his children, Defendants Reginald D. Loisel, Jr. and Tina Wellman, on January 23, 1992, after his tax liabilities had accrued. The government alleges that the conveyance was made to defraud the government as a creditor and that the conveyance was made without consideration and rendered Taxpayer insolvent. The government seeks to have the allegedly fraudulent transfer set aside, the liens arising from Taxpayer's liability foreclosed, Defendants ejected from the property, and the property sold.

## III. DISCUSSION

In their Motion to Dismiss, Defendants, proceeding *pro se*, argue that the govern-

---

1. Defendants answered the government's complaint by filing a Motion to Dismiss on June 18, 1998. Noticing that Defendant Reginald D. Loisel, Jr. failed to place his signature in the space allotted for such in the motion, the government moved for a default judgment against him pursuant to Fed.R.Civ.P. 55. Defendants responded by filing a Motion for Extension of Time on July 13 and a second, identical Motion to Dismiss on July 20, this one containing Loisel, Jr.'s signature. In light of the fact that Defendants are *pro se, see Sisbarro v. Warden, Massachusetts State Penitentiary*, 592 F.2d 1, 2 (1st Cir.1979) (citing *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)) (pro se pleadings are held to "less stringent standards than pleadings drafted by lawyers"), that they corrected the technical error in a timely fashion, and that the presence of a signature block on the motion for Loisel, Jr. put the government on notice that he in fact intended to defend the claim, the Court denies the government's Motion for Entry of Default Against Reginald D. Loisel, Jr. *See* 10 *Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure* § 2685 (2d ed.1983) (the decision to enter a default judgment is a decision committed to the "sound judicial discretion" of the trial judge). Defendants' Motion for Extension of Time is dismissed as moot.

ment has alleged no legal ground for recovery. Specifically, Defendants claim that a lien cannot attach to property that is no longer owned by Taxpayer and that was transferred before the assessments were made in 1994. Defendants claim that when Taxpayer bequeathed his property to his children in 1992 there were no liens in place or other encumbrances upon the title and, therefore, that the conveyance was valid.

The First Circuit has recently "untangle[d] the web of statutory and procedural requirements" implicated by the government's foreclosure attempt:

> Once the IRS makes an assessment of a taxpayer's liability, it has sixty days in which to "give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof." 26 U.S.C. § 6303(a). Once notice and demand are given and the tax goes unpaid, a lien in favor of the United States automatically arises "upon all property and rights to property, whether real or personal, belonging to such person." 26 U.S.C. § 6321. Whether and to what extent a particular piece of property constitutes property of the taxpayer to which a federal tax lien can attach is a question of state law. *Aquilino v. United States*, 363 U.S. 509, 512, 80 S.Ct. 1277, 1279–80, 4 L.Ed.2d 1365 (1960). The lien arises at the time the assessment is made and continues until the liability is satisfied or becomes unenforceable by lapse of time. 26 U.S.C. § 6322. The IRS may collect the tax by levy or by bringing a proceeding in court . . . .

*Markham v. Fay*, 74 F.3d 1347, 1353 (1st Cir.1996).

■ In order for the government to prevail, therefore, it must prove that the property in question belonged to Taxpayer at the time the assessment was made. It is uncontroverted that the government did not make an assessment of Defendant's tax liability until 1994. Thus, the lien on "property, whether real or personal, belonging to" Defendant did not arise until 1994, two years after the property in question was transferred by Taxpayer to his children. Defendants correctly assert that a lien cannot attach to property validly transferred before the government makes an assessment. However, Defendants ignore the fact that the government seeks to set aside that transfer as fraudulent.

■ Although the government does not specifically state in its Complaint under what state law it seeks to invalidate the transfer, the language used suggests that it is alleging a claim under the Maine Uniform Fraudulent Transfer Act ("MUFTA"), 14 M.R.S.A. §§ 3571–3582.[2] The Complaint states that the January 23, 1992, conveyance was fraudulent as to the United States as creditor of Taxpayer "because it was done with the intent to hinder, delay, or defraud the United States," and "because at the time of the transfer the Taxpayer was insolvent, or as a result of the transfer he was rendered insolvent, and the transfer was for insufficient consideration." Pl.'s Complaint ¶¶ 14, 15. This language is lifted directly from 14 M.R.S.A. §§ 3575(1)(A) and 3576(1). Those provisions of the MUFTA provide:

> Fraudulent Transfer. A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
>
> > A. With actual intent to hinder, delay or defraud any creditor of the debtor . . . .

14 M.R.S.A. § 3575(1)(A); *see also Morin v. Dubois*, 713 A.2d 956, 957 (Me. 1998).

> Transfers without receipt of reasonably equivalent value. A transfer made or

---

2. Plaintiff does make passing reference to 14 M.R.S.A. § 3576(1) in its response to Defen-

dants' Motion to Dismiss.

obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

14 M.R.S.A. § 3576(1).

Although the government could have been more precise in its pleading, the Court is satisfied that the government's Complaint sufficiently alleges the necessary elements of a cause of action under § 3575(1)(A) or § 3576(1) and that Defendants have failed to demonstrate that the government would not be entitled to relief under any set of facts it might prove in support of its claim. The Court, therefore, DENIES Defendants' Motion to Dismiss.

*SO ORDERED.*